# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/890,986 | 11/13/2015 | Ben VOLACH | 1201170-022 | 8986 |

29146    7590    02/10/2017
PATWRITE LLC
408 W. MAIN ST.
MARSHALLTOWN, IA 50158-5759

| EXAMINER |
|---|
| TRAN, JIMMY H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2456 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/10/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patents@patwrite.com
melissa@patwrite.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 14/890,986 | Applicant(s) VOLACH, BEN |
|---|---|---|
| | Examiner JIMMY H. TRAN | Art Unit 2456 | AIA (First Inventor to File) Status Yes |

*Note: Art Unit and AIA Status are separate columns:*

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 14/890,986 | VOLACH, BEN |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | JIMMY H. TRAN | 2456 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on *11/23/2016*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) *1-3,5,7,8,14-19,21,23-25,27,30,32-40,66-69 and 71-78* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☒ Claim(s) *1-3,5,7,8,14-19,21,23-25,27,29,30,32-36 and 38-40* is/are allowed.
7) ☒ Claim(s) *66-69 and 71-78* is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**  c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date *11/23/2016*.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/890,986 Page 2
Art Unit: 2456

## DETAILED ACTION

This action is in response to communication filed on 11/23/2016.

Claims 1-3, 5, 7, 8, 14-19, 21, 23-25, 27, 30, 32-40, 66-69 and 71-78 are pending.

Claims 4, 6, 9, 20, 22, 26, 28, 31, 37, 41 and 70 have been cancelled.

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 11/23/2016 has been entered.

### *Response to Arguments*

Applicant's arguments, see pages 18-19, filed 9/2/2016 with respect to the rejection(s) of claim(s) 66-69 and 71-78 under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA) have been fully considered and are persuasive. Therefore, the rejection has been withdrawn. However, upon further consideration, a new ground(s) of rejection is made for claims 66-69 and 71-78 under 35 U.S.C. 101 as can be seen below.

Application/Control Number: 14/890,986                                                                                          Page 3
Art Unit: 2456

### Information Disclosure Statement

The information disclosure statement (IDS) submitted on 11/23/2016 is in compliance with the provisions of 37 CFR 1.97. Accordingly, the information disclosure statement is being considered by the examiner.

### Claim Rejections - 35 USC § 101

35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

**1.    Claims 66-69 and 71-78 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.**

Regarding **claims 66-69 and 71-78, t**he claim(s) does/do not fall within at least one of the four categories of patent eligible subject matter because the claims are each drawn to a "computer storage medium". A claim drawn to a computer storage medium, under the broadest reasonable interpretation, typically covers forms of transitory, propagating signals *per se*. Signals *per se* do not fall within one of the four statutory categories of invention and are therefore not eligible for patent protection.

The USPTO is obliged to give claims their broadest reasonable interpretation consistent with the specification during proceedings before the USPTO. See *In re Zletz*, 893 F.2d 319 (Fed. Cir. 1989) (during patent examination the pending claims must be interpreted as broadly as their

Application/Control Number: 14/890,986 Page 4
Art Unit: 2456

terms reasonably allow).  The broadest reasonable interpretation of a claim drawn to a computer readable medium typically covers forms of non-transitory tangible media and transitory propagating signals *per se* in view of the ordinary and customary meaning of computer readable media, particularly when the specification is silent.  See MPEP 2111.01.  When the broadest reasonable interpretation of a claim covers a signal *per se*, the claim must be rejected under 35 U.S.C. § 101 as covering non-statutory subject matter.  See *In re Nuijten*, 500 F.3d 1346, 1356-57 (Fed. Cir. 2007) (transitory embodiments are not directed to statutory subject matter) and *Interim Examination Instructions for Evaluating Subject Matter Eligibility Under 35 U.S.C. § 101*, Aug. 24, 2009; p.2.

As such, claims 66-69 and 71-78, are rejected as encompassing non-statutory subject matter.  This particular rejection may be obviated by amending the claim to read on a "non-transitory computer storage medium", "computer storage device", "computer storage memory" or any variation thereof where "media" or "medium" is replaced by "device" or "memory". . .

*Allowable Subject Matter*

Claims 1-3, 5, 7-8, 14-19, 21, 23-25, 27, 29-30, 32-36, 38-40 are allowed.

*Conclusion*

For the reason above, claims 66-69 and 71-78 have been rejected and remain pending.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JIMMY H. TRAN whose telephone number is (571) 270-5638. The examiner can normally be reached on 9:00 am EST - 5:00 pm EST Monday - Friday.

Application/Control Number: 14/890,986                                                                Page 5
Art Unit: 2456

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Philip J. Chea can be reached on (571) 272-3951. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JIMMY H TRAN/
Primary Examiner, Art Unit 2456