# EXHIBIT E

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/890,986 | 11/13/2015 | Ben VOLACH | 1201170-022 | 8986 |

29146     7590     05/05/2016
PATWRITE LLC
408 W. MAIN ST.
MARSHALLTOWN, IA 50158-5759

| EXAMINER |
|---|
| TRAN, JIMMY H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2456 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/05/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patents@patwrite.com
melissa@patwrite.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 14/890,986 | Applicant(s) VOLACH, BEN |
|---|---|---|
| | Examiner JIMMY H. TRAN | Art Unit 2456 | AIA (First Inventor to File) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on *11/13/2015*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) *1-3,5,7,8,14-19,21,23-25,27,29,30,32-36,38-40,66-69 and 71-78* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) *1-3,5,7,8,14-19,21,23-25,27,29,30,32-36 and 38-40* is/are allowed.
7) ☐ Claim(s) *66-69 and 71-78* is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on *11/13/2015* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some**  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date *11/13/2015*.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/890,986 Page 2
Art Unit: 2456

## DETAILED ACTION

This action is in response to communication(s) filed on 11/13/2015.

Claims 1-3, 5, 7-8, 14-19, 21, 23-25, 27, 29-30, 32-36, 38-40, 66-69, 71-78 have been examined and are pending with this action.

Claims 4, 6, 9, 20, 22, 26, 28, 31, 37, 41 and 70 have been cancelled.

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Priority*

Applicant's claim for the benefit of a prior-filed application under 35 U.S.C. 119(e) or under 35 U.S.C. 120, 121, or 365(c) is acknowledged.

### *Information Disclosure Statement*

The information disclosure statement (IDS) submitted on 11/13/2015 is in compliance with the provisions of 37 CFR 1.97. Accordingly, the information disclosure statement is being considered by the examiner.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

Application/Control Number: 14/890,986                                                          Page 3
Art Unit: 2456

> The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

**1.     Claims 66-69 and 71-78 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor, or for pre-AIA the applicant regards as the invention.**

> The following is a quotation of 35 U.S.C. 112(f):
>
> (f) Element in Claim for a Combination. – An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.
>
> The following is a quotation of pre-AIA 35 U.S.C. 112, sixth paragraph:
>
> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

Use of the word "means" (or "step for") in a claim with functional language creates a rebuttable presumption that the claim element is to be treated in accordance with 35 U.S.C. 112(f) (pre-AIA 35 U.S.C. 112, sixth paragraph). The presumption that 35 U.S.C. 112(f) (pre-AIA 35 U.S.C. 112, sixth paragraph) is invoked is rebutted when the function is recited with sufficient structure, material, or acts within the claim itself to entirely perform the recited function.

Regarding **claims 66-69 and 71-78**, the claim use the "means" along with functional language that invokes 35 U.S.C.112, sixth paragraph. However, <u>the written description fails to disclose the corresponding structure, material, or acts for the claimed function. It is unclear what means are</u>

Application/Control Number: 14/890,986 Page 4
Art Unit: 2456

<u>performing the claimed functions of the network communication</u>. The specification does not disclose sufficient structure since all of the modules and servers can be software that perform the claimed function of a USC § 112, sixth paragraph, the claim scope is unclear, and will amount to pure functional claim. Applicant may:

(a) Amend the claim so that the claim limitation will no longer be a means (or step) plus function limitation under 35 USC § 112, sixth paragraph; or

(b) Amend the written description of the specification such that it expressly recites what structure, material, or acts perform the claimed function without introducing any new matter (35 U.S.C. 132(a)).

If applicant is of the opinion that the written description of the specification already implicitly or inherently discloses the corresponding structure, material, or acts so that one of ordinary skill in the art would recognize what structure, material, or acts perform the claimed function, applicant is required to clarify the record by either:

(a) Amending the written description of the specification such that it expressly recites the corresponding structure, material, or acts for performing the claimed function and clearly links or associates the structure, material, or acts to the claimed function, without introducing any new matter (35U.S.C. 132(a)); or

(b) Stating on the record what the corresponding structure, material, or acts, which are implicitly or inherently set forth in the written description of the specification, perform the claimed function. For more information, see 37 CFR 1.75(d) and MPEP §§ 608.01(o) and 2181.

Application/Control Number: 14/890,986 Page 5
Art Unit: 2456

For more information, see Supplementary Examination Guidelines for Determining Compliance with 35 U.S.C. 112 and for Treatment of Related Issues in Patent Applications, 76 FR 7162, 7167 (Feb. 9,2011).

### *Allowable Subject Matter*

Claims 1-3, 5, 7-8, 14-19, 21, 23-25, 27, 29-30, 32-36, 38-40 are allowed.

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Alkhatib et al. (US 2004/0249911 "*Secure virtual community network system*") discloses a private virtual dynamic network is provided for computing devices coupled to public networks or private networks. This enables computing devices anywhere in the world to join into private enterprise intranets and communicate with each other. In one embodiment, the present invention provides a separate private virtual address realm, seen to each user as a private network, while seamlessly crossing public and private network boundaries. One implementation of the present invention uses an agent to enable an entity to participate in the network without requiring the member to add new hardware or software.

Oshika et al. (US 2006/023351 "*Method and apparatus for managing telephone number, and computer product*") discloses a storing unit stores a regular telephone number of a user and a provisional telephone number corresponding to the regular telephone number. An acquiring unit acquires a provisional telephone number of a receiver and a regular telephone number of a caller

Application/Control Number: 14/890,986 Page 6
Art Unit: 2456

who called at the provisional telephone number of the receiver. A searching unit searches a regular telephone number corresponding to the provisional number of the receiver from the storing unit. A call establishing unit establishes a call between the caller and the receiver corresponding to the regular telephone number searched.

Zhang et al. (US 7,995,730 "*Method and system for masquerading the identity of a communication device returning a missed call*") discloses a method and apparatus for masquerading the identity of a first communication device returning a missed call placed by a second communication device to a third communication device. The first communication device receives a missed call notification indicating the second communication device placed a first call to the third communication device. Thereafter, the first communication device initiates a second call to the second communication device and directs a network to deliver to the second communication device caller identification information that indicates the second call originates from the third communication device. Moreover, the first communication device may include a missed call log that includes missed call notifications for missed calls placed directly to the first communication device as well as missed call notifications for missed calls originally placed to another communication device. The first communication device can present to a user missed call notifications stored in the missed call log.

For the reason above, claims 1-3, 5, 7-8, 14-19, 21, 23-25, 27, 29-30, 32-36, 38-40, 66-69, 71-78 remain pending.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JIMMY H. TRAN whose telephone number is (571) 270-5638.

Application/Control Number: 14/890,986 Page 7
Art Unit: 2456

The examiner can normally be reached on 9:00 pm EST - 5:00 pm EST Monday - Friday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Philip J. Chea can be reached on (571) 272-3951. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/JIMMY H TRAN/
Primary Examiner, Art Unit 2456

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 14/890,986 | VOLACH, BEN |
| | | Examiner | Art Unit | |
| | | JIMMY H. TRAN | 2456 | Page 1 of 2 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2004/0190703 A1 | 09-2004 | Trandal, David S. | H04M3/42195 | 379/210.01 |
| * | B | US-2004/0249911 A1 | 12-2004 | Alkhatib, Hasan S. | G06Q10/109 | 709/223 |
| * | C | US-2005/0135359 A1 | 06-2005 | Chang, Chun-Ping | H04L29/12009 | 370/389 |
| * | D | US-2006/0233351 A1 | 10-2006 | Oshika; Hironobu | H04M3/42008 | 379/355.02 |
| * | E | US-2006/0227792 A1 | 10-2006 | Wetterwald; Patrick | H04L29/12358 | 370/395.52 |
| * | F | US-7,356,567 B2 | 04-2008 | Odell; James A. | G06Q10/107 | 709/206 |
| * | G | US-2008/0101357 A1 | 05-2008 | Iovanna; Paola | H04L29/12009 | 370/389 |
| * | H | US-2008/0267186 A1 | 10-2008 | Boukis; Konstantinos | H04L29/12367 | 370/392 |
| * | I | US-2009/0086932 A1 | 04-2009 | Ray; Amar N. | H04W76/007 | 379/45 |
| * | J | US-2009/0165090 A1 | 06-2009 | Glasgow; Jay | G06F17/30525 | 726/3 |
| * | K | US-7,706,371 B1 | 04-2010 | Wing; Daniel G. | H04L12/56 | 370/392 |
| * | L | US-7,895,263 B1 | 02-2011 | Kirchmeier; Steve | G06Q10/06 | 379/37 |
| * | M | US-2011/0055374 A1 | 03-2011 | Christenson; David A. | H04L29/12066 | 709/224 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 20160428

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 14/890,986 | VOLACH, BEN |
| | | Examiner | Art Unit | Page 2 of 2 |
| | | JIMMY H. TRAN | 2456 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-7,954,124 B2 | 05-2011 | Rambo; Kenneth | H04L12/581 | 725/40 |
| * | B | US-7,995,730 B1 | 08-2011 | Zhang; Baoquan | H04M3/42059 | 379/142.09 |
| * | C | US-8,259,571 B1 | 09-2012 | Raphel; Jose | H04L61/2592 | 370/230 |
| * | D | US-2013/0051542 A1 | 02-2013 | Yao; Rose | H04M3/42042 | 379/142.09 |
| * | E | US-2013/0204997 A1 | 08-2013 | Eggleston; Joseph E. | H04L41/5009 | 709/223 |
| * | F | US-2013/0301522 A1 | 11-2013 | Krishna; Gopi | H04L61/2528 | 370/328 |
| * | G | US-2013/0318173 A1 | 11-2013 | Kaplinger; Todd E. | H04L61/301 | 709/206 |
| * | H | US-2013/0326599 A1 | 12-2013 | Bray; Keith | H04L61/1511 | 726/6 |
| * | I | US-2014/0065997 A1 | 03-2014 | WALKER; David Ryan | H04W4/02 | 455/404.1 |
| * | J | US-8,701,179 B1 | 04-2014 | Penno; Reinaldo | H04L63/02 | 709/227 |
| * | K | US-8,918,466 B2 | 12-2014 | Yu; Tonny | H04L51/28 | 709/206 |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20160428