IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLIX INC., | ) |
| | ) |
|     Plaintiff, | ) C.A. No. 19-1869-LPS |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| APPLE INC., | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF BLIX INC.'S COUNTER-NOTICE OF SUBSEQUENT AUTHORITY

Defendant Apple Inc. ("Apple") hereby responds to Plaintiff Blix Inc.'s ("Blix") Counter-Notice of Subsequent Authority (D.I. 34) regarding a report prepared by staff for the majority party on the House Judiciary Committee's Subcommittee on Antitrust, Commercial and Administrative Law (the "Staff Report").

The Staff Report is not "authority"—it is not a case, or statute, and it is certainly not legislative history. Instead, the report was prepared by Congressional staff to make "recommendations for areas of legislative activity," and it expressly states that the "views and conclusions contained in the Report are staff views and do not necessarily reflect those of the Committee on the Judiciary or any of its Members." (D.I 34-1 at 9-10.) Such a document has no bearing on the pending motion to dismiss and Blix cites no case where such a report has been treated as "authority."[1]

---

[1] In fact, even where Congressional reports contain factual matter rather than opinions, courts often refuse to allow judicial notice (which Blix has not sought here at any rate). *See e.g. In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1170–71 (S.D. Cal. 2010) (refusing to take judicial notice of facts in house staff report because, *inter alia*, "the facts can be disputed . . . and the conclusions involve interpretation, opinion, and judgment"); *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 2018 WL 5879786, at *17 (N.D. Cal. Nov. 7, 2018), *aff'd*, 793 F. App'x 482 (9th Cir. 2019).

In any event, the Staff Report lends no legal support to the claims that Blix seeks to allege here.  Even if the Staff Report contained "virtually identical" factual allegations and conclusions as Blix asserts, (D.I. 34 at 3), this would not signify that those allegations surmount *Twombly's* plausibility threshold.  *See Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 118 n.14 (2d Cir. 2005) (even if complaint stated a claim, allegations regarding letters from members of the House of Representatives to the Attorney General "requesting an investigation into alleged antitrust violations" were "irrelevant at the pleading stage" because "[a]n allegation that someone has made a similar allegation does not, without more, add anything to the complaint's allegations of fact"), *rev'd on other grounds*, 550 U.S. 544 (2007) (finding all allegations of complaint to be implausible).[2]  But the Staff Report undertakes no investigation of Blix's allegations.  Blix states that "the Committee specifically cited Blix's experience," (D.I. 34 at 3), but the Staff Report merely notes that "Blix, developer of email management app BlueMail, has sued Apple in federal court," and quotes allegations from Blix's complaint.  (D.I. 34-1 at 362 & n.2303.)  The Staff Report certainly does not purport to analyze (or validate) the alleged email client market on which Blix's case rests, (*see* D.I. 20 at 18-23), or evaluate the nature or effect of any alleged conduct within such a market.

The Staff Report thus does not support Blix's arguments, and the Court should grant Apple's motion to dismiss.  (D.I. 16.)

---

[2]  The Staff Report finds the *Twombly* plausibility standard to be too exacting and recommends lowering pleading standards to allow implausible antitrust claims to proceed through litigation. (D.I. 34-1 at 402-04).  That is not the law.

| | |
|---|---|
| OF COUNSEL:<br><br>Daniel G. Swanson<br>Jason C. Lo<br>Jennifer J. Rho<br>Raymond A. LaMagna<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel: (213) 229-7000<br><br>Cynthia E. Richman<br>Amalia Reiss<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel: (202) 995-8500<br><br>H. Mark Lyon<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 849-5300<br><br>Chris Whittaker<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Tel: (949) 451-3800<br><br>Dated: October 12, 2020<br>6901282/ 49651 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Tracey E. Timlin (#6469)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    ttimlin@potteranderson.com<br><br>*Attorneys for Defendant Apple Inc.* |