IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BLIX INC.,                                    )
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )   C.A. No. 19-1869-LPS
                                              )
APPLE INC.,                                   )
                                              )
                    Defendant.                )

**<u>PLAINTIFF BLIX INC.'S NOTICE OF SUBSEQUENT AUTHORITY</u>**

Pursuant to District of Delaware Local Rule 7.1.2(b), Plaintiff Blix Inc. ("Blix") hereby provides notice of the United States District Court for the Northern District of California's recent decision in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (opinion attached as Exhibit A), which supports denying Defendant Apple Inc.'s ("Apple") Motion to Dismiss (D.I. 16).

*Epic Games* mirrors this case in three key respects. ***First***, in *Epic Games*, as here, the plaintiff asserted monopolization claims against Apple for anticompetitive conduct related to the iOS App Store. ***Second***, the plaintiff argued (like Blix) that Apple was able to exclude it due to monopoly power in an app aftermarket stemming from its unrivaled power in "the market for distribution of apps on the iOS software platform." Ex. A, at 15-16. ***Third***, Apple argued there (just as it does here) that the distribution market definition was too narrow, and that app "distribution on other platforms" must also be part of the relevant market. *Id.* at 16.

Given the stage of the proceedings, the District Court rejected Apple's arguments on market definition, finding that the plaintiff alleged a plausible relevant market and, more broadly,

that the issue is too fact-bound to resolve at such an early stage.  *Id.* at 19-20.[1]  This analysis—on one of the exact same market definitions at issue in this case—strongly supports Blix's similar arguments regarding Apple's power over iOS app distribution, the anticompetitive conduct that power facilitates in app aftermarkets, and the factual nature of the inquiry.

*/s/ John W. Shaw*

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Steven C. Cherny
Stephen R. Neuwirth
Patrick D. Curran
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, New York 10010
(212) 849-7000

Adam Wolfson
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
 865 S Figueroa Street
Los Angeles, CA 90017
(213) 443-3000

Dated: October 14, 2020

---

[1]  The motion at issue in *Epic* was one for a preliminary injunction.  Apple opposed by arguing, *inter alia*, that Epic has no likelihood of success on its antitrust claims, due to supposedly fatal problems in market definition (among other issues).  The Court rejected that argument by noting that, notwithstanding any plausible arguments Apple might have, Epic alleged a plausible market, so the case needed to proceed to trial.  *Id.*